UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE J. FOWLER, III                                    CIVIL ACTION

VERSUS                                                   NO: 19-10072

ATCHITY PRODUCTIONS, LLC, ET AL.                         SECTION: "H"

## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. § 1332 require complete diversity.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

For purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members."[5] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* Doc. 1 at 2; 28 U.S.C. § 1332.
[3] *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[4] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008).

1

member of every LLC or partnership involved in a litigation."[6] A party's citizenship "cannot be established argumentatively or by mere inference."[7]

In his Complaint, Plaintiff alleges that Defendant Atchity Productions, LLC ("Atchity") is "a California limited liability corporation, with its principal place of business in Los Angeles, CA 90036."[8] Plaintiff fails to state the citizenship of every member of Defendant Atchity. Accordingly, the Court cannot determine the citizenship of Atchity, and therefore the Court cannot determine whether it has jurisdiction over this suit.

Plaintiff's failure to properly allege jurisdiction is not fatal.[9] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10] A district court's discretion to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[11] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[12] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist."[13] Accordingly, Plaintiff is granted leave to amend his Complaint to allege distinctly and affirmatively the jurisdictional facts that give rise to diversity jurisdiction in this case.

---

[6] Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).
[7] Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotations marks and footnote omitted).
[8] Doc. 1 at 2.
[9] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[10] 28 U.S.C. § 1563.
[11] *Whitmire*, 212 F.3d at 888.
[12] *Id.*
[13] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to adequately allege diversity of citizenship. Plaintiff is granted leave to amend his Complaint to allege the members of Defendant Atchity and the citizenship of those members. Plaintiff shall amend his Complaint to properly allege facts supporting diversity jurisdiction within 30 days of this Order. Failure to timely file the affidavit will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 6th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**